UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
IBN EL AMIN PASHA,                  :
                                    :
            Petitioner,             :      Civ. No. 19-3701 (FLW)
                                    :
      v.                            :
                                    :
BRUCE DAVIS et al.,                 :      **MEMORANDUM AND ORDER**
                                    :
            Respondents.            :
_____ :

      Petitioner *pro se*, Ibn El Amin Pasha ("Petitioner"), who is presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, commenced this proceeding by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254. (ECF No. 1.) The proceeding was initially terminated, as the Petition did not include a proper filing fee. (ECF Nos. 2 & 3.) Petitioner has now paid the required filing fee, and the proceeding will be reopened. Upon screening the Petition, the Court has determined that dismissal of the Petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing § 2254 Cases.

      Accordingly, IT IS, on this 23rd day of April 2019,

      ORDERED that the Clerk of the Court shall REOPEN this proceeding; and it is further

      ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that where the Petition (ECF No. 1) appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss the Petition on timeliness grounds only, provided that the motion (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, and (3) demonstrates that an answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a motion to dismiss the Petition, Respondents shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of the answer any appropriate defenses that Respondents wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge