UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBN EL AMIN PASHA, : | |
| : | |
| Petitioner, : | Civ. No. 19-3701 (FLW) |
| : | |
| v. : | |
| : | |
| BRUCE DAVIS et al., : | **MEMORANDUM & ORDER** |
| Respondents. : | |

This matter has been opened to the Court by Petitioner Ibn El Amin Pasha's ("Petitioner") letter requests 1) to withdraw Ground I-IV of the Petition, 2) to file an Amended Petition, and 3) for an extension of time. *See* ECF 28, 32, 33. It appearing that:

Petitioner, also known as James Coleman, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in January 2019. *See* ECF No. 1. Together with his Petition, Petitioner signed the notice pursuant to *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000), notifying him that he must bring all his claims in his one all-inclusive petition or risk losing his ability to bring those claims. *See id.* at 30. After Respondents filed their answer, Petitioner sought and received an extension of time within which to file his Traverse. *See* ECF Nos. 26-27. On October 2, 2019, Petitioner submitted a letter asking to withdraw Grounds I-IV of the Petition, *see* ECF No. 28, and he subsequently filed his Traverse on November 12, 2019.[1] *See* ECF No. 30. On October 21, 2020, Petitioner filed a letter request for leave to file an Amended Petition, but the letter request provides no information about the new claim(s) he wishes to

---

[1] In their Answer, Respondents assert that Grounds I-IV of the Petition are unexhausted and that Petitioner has not provided good cause to overcome his procedural default of these claims. *See* ECF No. 8, Respondents' Affirmative Defenses, I, II. In his Traverse, Petitioner appears to concede that the claims are unexhausted and that he has not provided good cause to overcome the procedural default of these claims. ECF No. 30, Traverse at 3-4.

assert. *See* ECF No. 32. On December 7, 2020, Petitioner filed a request for an extension of time, presumably to file the Amended Petition. *See* ECF Nos. 33.

At this time, the Court will grant Petitioner's request to withdraw Grounds I-IV of the Petition. *See* ECF No. 28.

The Court will deny without prejudice Petitioner's letter request to amend the Petition. Petitioner's state court proceedings ended on May 4, 2018, when the Supreme Court of New Jersey denied his petition for certification with respect to his petition for postconviction relief ("PCR"). *See State v. Coleman*, 233 N.J. 301 (2018). Thus, the one-year limitation period set by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") expired prior to Petitioner's request to submit an Amended Petition. It is not clear if Petitioner has a valid basis to assert any new claims at this late date, as any new claims would not be timely unless those claims "relate back" to the original Petition. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 648 (2005) (applying Rule 15(c) to a habeas petition); *Hodges v. United States*, 554 F.3d 372, 378 (3d Cir. 2009) ("*Mayle* forecloses the relation back of a new, untimely claim when it is 'supported by facts that differ in both time and type from those the original pleading set forth.'") (quoting *Mayle*, 545 U.S at 650). Petitioner has not identified the new claim(s) he seeks to assert or explained whether the new claim(s) is duly exhausted or relates back to the claims in his original Petition. As such Petitioner's request to file an Amended Petition is denied without prejudice. The Court will provide Petitioner with 45 days to submit a new motion to amend his Petition to the extent he has a valid basis to do so.

Accordingly, **IT IS**, on this 8th day of December 2020,

**ORDERED** that Plaintiff's request to withdraw Grounds I-IV of the Petition is **GRANTED** (ECF No. 28); and it is further

**ORDERED** that the letter request to submit an Amended Petition is denied **WITHOUT PREJUDICE** (ECF No. 32); and it is further

**ORDERED** that Plaintiff is provided leave to submit a motion to amend his Petition within 45 days of the date of this Order; the motion to amend must identify the new claims Petitioner seeks to bring and explain whether the new claims are exhausted and whether the new claims relate back to the claims in the original Petition; and it is further

**ORDERED** if Plaintiff does not submit his motion to amend within 45 days, the Court will rule on the remaining claims in the Petition; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge